**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| EDWARD PHILLIP McKENNA,<br><br>        Plaintiff,<br><br>     v.<br><br>ROBERT LOVINGOOD, <u>et al.</u>,<br><br>        Defendants. | No. ED CV 18-2258-GW (PLA)<br><br>**ORDER TO SHOW CAUSE RE:**<br>**REVOCATION OF *IN FORMA PAUPERIS***<br>**STATUS** |

Edward Phillip McKenna ("plaintiff") initiated this action on October 23, 2018, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl."), along with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"). (ECF Nos. 1, 2). On October 25, 2018, the Court granted plaintiff's IFP Request. (ECF No. 4). However, it has now come to the Court's attention that under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), plaintiff has three "strikes." Because he failed to allege in his Complaint that he is in imminent danger of serious physical harm, plaintiff's IFP status should now be revoked.[1]

---

[1] The Court did not immediately recognize that plaintiff has incurred at least three strikes due in part to the fact that -- although he indicated in his original Complaint that he had filed one prior lawsuit in this Court "about 7 years ago," the reality is that he has previously filed four lawsuits in this Court, three of which raise much the same allegations as the instant Complaint, and has also
(continued...)

Plaintiff, a prisoner housed in the California Substance Abuse Treatment Facility and State Prison in Corcoran, CA, names as defendants members of the San Bernardino County Board of Supervisors; the San Bernardino County District Attorney; Sheriff John McMahon; and Robert J. Wade, a Public Defender, all in their individual and official capacities. (Compl. at 3-4). The Complaint appears to raise allegations of due process and equal protection violations related to plaintiff's arrest by the San Bernardino County Sheriff's Department on May 7, 1998, on charges relating to molestation of a child (Cal. Penal Code § 288.5). (Compl. at 8). Plaintiff alleges that defendants used fraud and deceit as probable cause for his arrest and states that the charges were later dismissed by Fontana Superior Court Judge Raymond C. Young. (Compl. at 5-27). He also appears to allege that on June 4, 2018, he submitted a citizen's complaint to the San Bernardino County Board of Supervisors, raising the issue of the fraud and deceit being used as probable cause for his arrest. (Compl. at 7).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not proceed IFP in a civil action, or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, in response to the question on the form Complaint requiring plaintiff to inform the Court of any other lawsuits he has brought in federal court while a prisoner, plaintiff responded only that he has brought one other case in this Court, but stated that his prison property was lost and he does not have the date of the prior case (which he described as being dismissed without prejudice as time-barred), although he approximated that it was filed "about 7 years ago." (Compl. at 2). Thus, plaintiff's Complaint

---

[1](...continued)
pursued two appeals in the Ninth Circuit Court of Appeals.

is incomplete, and it appears to the Court -- based on the discussion below -- that plaintiff may have intentionally avoided providing the Court with required information.

Indeed, the Court's review of the PACER federal case locator website reflects that in addition to this action, plaintiff has been involved in four other actions in the Central District of California, two of which he appealed to the Ninth Circuit, as follows:

<u>McKenna v. County of San Bernardino, et al.</u>, ED CV 03-1111-GW (CW)

<u>McKenna v. San Bernardino County, et al.</u>, Ninth Circuit Case No. 08-56337

<u>McKenna v. County of San Bernardino, et al.</u>, CV 10-1412-UA (CW)

<u>McKenna v. San Bernardino County Sheriffs, et al.</u>, ED CV 10-888-UA (CW)

<u>McKenna v. San Bernardino County Sheriffs, et al.</u>, Ninth Circuit Case No. 10-56308

<u>McKenna v. John D. Conley, et al.</u>, SA CV 11-1025-UA (CW)

By way of background, case number ED CV 03-1111-GW (CW) ("03-1111"), filed in September 2003, alleged a false arrest claim against defendants based on plaintiff's May 1998 arrest. (Case No. 03-1111, ECF No 65). Plaintiff's original complaint was dismissed, with leave to amend, on grounds of prosecutorial and witness immunity, and for failure to state a claim against the County of San Bernardino; and his first amended complaint was dismissed with leave to amend for failure to state a claim for false arrest against the County. (Case No. 03-1111, ECF Nos. 16, 49, 56; <u>see</u> <u>also</u> ECF No. 65). The action was then dismissed on July 11, 2008, for failure to prosecute or to comply with court orders based, in part, on plaintiff's submission of his second amended complaint "in which he ignored the court's repeated orders by adding defendants . . . and new claims, and by failing to comply with the court's instructions on amendment" and, in part, because, despite being given additional opportunities to file a proper second amended complaint, he failed to do so. (Case No. 03-1111, ECF Nos. 65, 72). Plaintiff appealed to the Ninth Circuit and on March 30, 2010, the Ninth Circuit affirmed the district court's decision. (<u>See</u> Case No. 03-1111, ECF Nos. 93, 94).

On February 25, 2010, plaintiff initiated case number CV 10-1412-UA (CW) ("10-1412"), and on June 15, 2010, plaintiff initiated case number ED CV 10-888-UA (CW) ("10-888"). On May 13, 2010, in case number 10-1412, and on July 9, 2010, in case number 10-888, the District Judge denied plaintiff's IFP Requests as frivolous, malicious, or failing to state a claim for relief, and determined that each of the IFP denials "may constitute a strike" under 28 U.S.C. § 1915(g). (Case No. 10-1412, ECF No. 3; Case No. 10-888, ECF No. 2). In both of the IFP denials, the Magistrate Judge commented that the complaint in that action "duplicates" the complaint in case number 03-1111. (Case No. 10-1412, ECF No. 3; Case No. 10-888, ECF No. 2). In case number 10-888, the Magistrate Judge further commented that the action also duplicated case number 10-1412. (Case No. 10-888, ECF No. 2).

In case number 10-1412, the Magistrate Judge specifically noted that plaintiff "still failed to comply with the court's order regarding amendment in [case number 03-1111], and the new complaint, if filed, would be subject to dismissal" for a number of reasons: plaintiff failed to state a claim against defendant Stewart -- a Sheriff's Deputy -- for alleged assaults on plaintiff by other inmates in San Bernardino and Orange County facilities; he failed to state a claim against the County for false arrest or for the various assaults; and his claim against defendant Stewart for false arrest is "time-barred."

In case number 10-888, the Magistrate Judge found that the complaint suffered from "the same defects" identified in case number 10-1412, specifically: plaintiff failed to state a claim against the County for either false arrest or failure to protect plaintiff from other inmates; he failed to state a claim against defendant Stewart for failure to protect; and plaintiff's false arrest claim against Stewart "is not plausibly supported by his largely conclusory allegations: although the molestation charges were later dismissed, and Plaintiff has offered evidence that the alleged victim recanted, this does not mean that Stewart did not have probable cause to arrest Plaintiff at the time." (Case No. 10-888, ECF No. 2).

Plaintiff appealed the IFP denial and dismissal in case number 10-888 to the Ninth Circuit. (Case No. 10-888, ECF No. 4). On February 9, 2011, the Ninth Circuit denied plaintiff's motion

to proceed IFP in that court because it found that "the appeal is frivolous." (Case No. 10-888, ECF No. 14). Plaintiff did not appeal the dismissal in case number 10-1412.

In case number 11-1025, the Court denied plaintiff's IFP request, noting that plaintiff was still facing criminal charges in Orange County Superior Court, that he was seeking damages from immune defendants, and because he failed to plead any cognizable claim for relief. (Case No. 11-1025, ECF No. 4). The Court did not specifically determine that this IFP denial would constitute a strike.

Thus, as discussed above, two of plaintiff's prior actions in this Court resulted in an order specifically determining that the denial of plaintiff's IFP Request may constitute a strike pursuant to 28 U.S.C. § 1915(g). In both those cases, the Magistrate Judge, in a reasoned discussion, determined that plaintiff had failed to state a claim against defendants and/or that one or more of plaintiff's claims was time-barred. See Belanus v. Clark, 796 F.3d 1021, 1027-29 (9th Cir. 2015) (finding court's dismissal without leave to amend for inability to overcome statute of limitations bar was proper). Additionally, the Magistrate Judge determined that the complaints were duplicative of other complaints filed by plaintiff. See LeBlanc v. Asuncion, 699 F. App'x 762, 762 (9th Cir. 2017) (citations omitted) (noting that it is not an abuse of discretion to dismiss a duplicative complaint as frivolous or malicious under an earlier version of 28 U.S.C. § 1915). The dismissals of case numbers 10-888 and 10-1412 as duplicative, and for failure to state a claim, and/or as time-barred, constitute strikes under § 1915(g). Additionally, the District Court's dismissal of case number 03-1111 also constitutes a strike. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint for failure to state a claim, grants leave to amend, and the plaintiff fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)). That is exactly what happened in case number 03-1111. Further, the Ninth Circuit's determination that plaintiff's appeal of the dismissal in case number 10-888 was frivolous constitutes a fourth strike. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constitutes a strike under § 1915(g) even though it did not dismiss the appeal until

later when the appellant did not pay the filing fee). Finally, the Court's finding in case number 11-1025 that plaintiff failed to plead any cognizable claim for relief also arguably constitutes a strike.

Accordingly, it appears to the Court that plaintiff has accumulated three or more prior qualifying strikes pursuant to § 1915(g). Plaintiff, therefore, is barred from proceeding IFP herein unless and until he can show that he does not have three strikes in accordance with 28 U.S.C. § 1915(g), or that at the time this action was lodged for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception, however, "turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey, 807 F.3d at 1206. It does not appear to the Court that plaintiff could have been under imminent threat of serious physical injury at the time that he initiated this action, since plaintiff's claims arise from actions taken by officials at the time of his arrest in 1998, but plaintiff filed his action on October 23, 2018, more than twenty years *after* the alleged actions taken by defendants. Moreover, there is nothing in the factual allegations in the Complaint that raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he initiated this action.

This Order places plaintiff on notice that the Court intends to revoke plaintiff's IFP status. If plaintiff's IFP status is revoked, plaintiff must pay the full filing fee of $350 in order to proceed with this action. Plaintiff is hereby **ORDERED** to file a response to this Order to Show Cause **no later than February 11, 2019**, in which he must demonstrate to the Court, **in a sworn declaration**, why his IFP status should not be revoked pursuant to his status as a three-strike litigant under 28 U.S.C. § 1915(g). In order to comply with this Order, plaintiff must explain to the Court why any of his civil actions or appeals of a judgment in a civil action or proceeding that has been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ," should not count as a strike pursuant to 28 U.S.C. § 1915(g), and/or that he was "under imminent danger of serious physical injury" at the time he filed his Complaint in the present action.

**Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the revocation of his IFP status**.

**It is so ordered**.

DATED: January 14, 2019

_/s/ Paul L. Abrams_
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE